IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---

| | |
|---|---|
| ARGENTINA RINCON, individually and on behalf of all others similarly situated; | Civil Action No.: |
| Plaintiff, -against- | **CLASS ACTION COMPLAINT** |
| MONTEREY COLLECTIONS and GKL RECOVERY & ACQUISITIONS, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

---

Plaintiff, ARGENTINA RINCON (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant MONTEREY COLLECTIONS ("MONTEREY") and GKL RECOVERY & ACQUISITIONS (hereinafter "GKL"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of Houston, Texas, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant Monterey Collections is a collection agency with its principal office located at 4095 Avenida De La Plata, Oceanside, California 92056.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or

facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant GKL RECOVERY & ACQUISITIONS is an organization that specializes in the purchase of consumer debts, with its principal office located at 244 Fifth Avenue, Suite 2896, New York, N.Y.  10001.

12. Defendant GKL RECOVERY & ACQUISITIONS touts itself as "leaders among global debt purchasing companies."[1]

13. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

15. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. Class A consists of (a) all individuals with addresses in the State of Texas (b) to whom the Defendants (c) sent an initial collection letter attempting to collect a consumer debt (d) which stated "Please note that if we don't receive notice from you within thirty (30) days of this mailing that you are contesting the validity of this debt, or any portion of it, we will assume this debt is valid" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action and/or;

---

[1] https://www.gklrecovery.com/blank-1, last visited on August 30, 2017.

17. Class B consists of (a) all individuals with addresses in the State of Texas (b) to whom the Defendants (c) sent an initial collection letter attempting to collect a consumer debt (d) which stated "If you provide notice to us that you do not believe the debt is valid, or any portion of it, within the same period described above, we will mail you verification of the debt or judgment" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action and/or;

18. Class C consists of (a) all individuals with addresses in the United States (b) to whom the Defendants (c) sent a collection letter attempting to collect a consumer debt owed to or allegedly owed to GKL Recovery & Acquisitions EZ Corp (d) which stated "Please be advised that in the event payment is not received by X/X/XXXX, the above amount due may increase by the accrual of additional interest and fees" (e) when no additional interest or fees were accruing (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

19. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

20. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

21. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as

*Exhibits A,* violate 15 U.S.C. §§ 1692e and/or 1692g.

22. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

23. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and/or 1692g.

   (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class

        members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **ALLEGATIONS OF FACT**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length

herein.

28. Some time prior to August 30, 2016, a consumer obligation was allegedly incurred by the Plaintiff, which was eventually sold to or assigned to GKL Recovery & Acquisitions EZ Corp ("GKL").

29. The GKL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

30. The alleged GKL obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

31. GKL is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

32. GKL contracted the Defendant to collect the alleged debt.

33. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

34. On or about August 30, 2016, Defendant Monterey sent to the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to GKL. *See* **Exhibit A.**

35. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to the GKL debt.

36. Plaintiff received the letter and read it.

37. The Letter states in part:

```
Principal:     844.07
 Interest:       0.00
     Fees:       0.00
                _____
Balance Due:   844.07
```

38. The Letter further states:

    "Please be advised that in the event payment is not received by this 9/4/2016, the above amount due may increase by the accrual of additional interest and fees."

39. The Plaintiff, as would any least sophisticated consumer, read the above statement and believed that the Defendant could potentially impose additional charges, even though that would never actually occur. *See e.g., Beauchamp v. Fin. Recovery Servs., Inc.,* No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).

40. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that they have a financial incentive to pay this debt immediately, or risk owing a higher amount.

41. Upon information and belief, Defendant had no intention of adding any interest or other fees after 9/4/2016.

42. The August 30, 2016 further states:

    "Please note that if we don't receive notice from you within thirty (30) days of this mailing that you are contesting the validity of this debt, or any

>portion of it, we will assume that the debt is valid. If you provide notice to us that you do not believe the debt is valid, or any portion of it, within the same period described above, we will mail you verification of the debt or judgment."

43. The Plaintiff, as would any least sophisticated consumer, read the above statement and was left uncertain when the 30-day validation period begins: (a) on the date she received the Letter or (b) on the date the Letter was mailed to her.

44. Pursuant to 15 U.S.C. §1692g, a consumer has a right within thirty days of receipt of the initial letter to dispute the debt with the debt collector in writing, and if done properly, the debt collector must cease all collection activities until they are able to verify the debt. Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

45. Furthermore, the Defendant's collection letter confused the Plaintiff, as it would confuse the least sophisticated consumer, as to how she could effectively dispute her debt. Notably, the above-quoted language fails to advise the Plaintiff that any dispute would need to be in writing in order to be effective.

46. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

47. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being misled into believing she needed to pay her debt immediately in order

to prevent the amount of the debt from increasing. Plaintiff was further harmed by being subjected to deceptive and misleading collection practices, which she had a substantive right to be free from, by being subject to the increased risk that she would fail to effectively dispute her debt, and by being deprived of information to which she was statutorily entitled to receive.

48. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Defendant violated said section by:

- Making a false representation of the amount of the debt in violation of §1692e(2)(A), and
- Making a false and misleading representation in violation of §1692e(10).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

56. The Defendant violated said section by:

- Failing to clearly state the amount of the debt in violation of § 1692g(a)(1);
- Failing to clearly convey the information required by 15 U.S.C. § 1692g; and
- Overshadowing the validation notice in violation of § 1692g(b).

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)  Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and Plaintiff's Counsel as Class Counsel;

      (b)     Awarding Plaintiff and the Class statutory damages;

      (c)     Awarding Plaintiff and the Class actual damages;

      (d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (e)     Awarding pre-judgment interest and post-judgment interest; and

      (f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 30, 2017

                s/Daniel Zemel
                Daniel Zemel, Esq.
                ZEMEL LAW, LLC
                78 John Miller Way, Suite 430
                Kearny, NJ 07032
                Phone: (862) 227-3106
                Facsimile: (862) 204-5901
                Email: dz@zemellawllc.com
                *Attorneys for Plaintiff*


          **PRO HAC VICE APPLICATION TO BE FILED**
                Yitzchak Zelman, Esq.
                MARCUS & ZELMAN, LLC
                1500 Allaire Avenue, Suite 101
                Ocean, New Jersey 07712
                (732) 695-3282 telephone
                (732) 298-6256 facsimile
                Yzelman@marcuszelman.com
                *Attorneys for Plaintiff*